# EXHIBIT 1

10/27/10
2:05ρ



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

COPY

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**F I L E D**

**OCT 2 0 2010**

FRESNO COUNTY SUPERIOR COURT
By _____
CSP · DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

AT&T SERVICES, INC., a Delaware corporation; SBC INTERNET
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

STEPHEN BURCHAM, on behalf of himself, all others similarly
situated, and the general public,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
(El nombre y dirección de la corte es): Fresno County Superior Court

"M" Street Civil Courthouse
2317 Tuolumne Street, Fresno, CA 93721

**CASE NUMBER:**
**(Número del Caso):** 10 CE CG 03704  DRF

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Shaun Setareh, Esq., 9454 Wilshire Blvd., PH, Beverly Hills, CA 90212, Tel: (310)888-7771

**BY FAX**

**DATE:** OCT 2 0 2010       Clerk, by  CAROLYN S. PRENDERGAST    , Deputy
**(Fecha):**                   **(Secretario)**                      **(Adjunto)**

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

AT&T SERVICES, INC., A DELAWARE CORPORATION

3. ☒ on behalf of (specify):

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 10/27/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*10/27/10*
*2:05ρ*

COPY

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T SERVICES, INC., a Delaware corporation; SBC INTERNET
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEPHEN BURCHAM, on behalf of himself, all others similarly
situated, and the general public,

FILED

OCT 20 2010

FRESNO COUNTY SUPERIOR COURT
By _____
CSP · DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Fresno County Superior Court | CASE NUMBER: *(Número del Caso):* **10 CE CG 03704** DRF |

"M" Street Civil Courthouse
2317 Tuolumne Street, Fresno, CA 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Blvd., PH, Beverly Hills, CA 90212, Tel: (310)888-7771

BY FAX

| DATE: *(Fecha)* OCT 20 2010 | Clerk, by *(Secretario)* CAROLYN S. PRENDERGAST | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

SBC INTERNET SERVICES, INC., A
CALIFORNIA CORPORATION

3. ☒ on behalf of *(specify):*
under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/27/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*10/27/10*
*2:05p*

# COPY

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# FILED

**OCT 20 2010**

FRESNO COUNTY SUPERIOR COURT
By
CSP - DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

AT&T SERVICES, INC., a Delaware corporation; SBC INTERNET
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

STEPHEN BURCHAM, on behalf of himself, all others similarly
situated, and the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Fresno County Superior Court

CASE NUMBER
(Número del Caso): **10 CE CG 03704** DRF

"M" Street Civil Courthouse
2317 Tuolumne Street, Fresno, CA 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

**BY FAX**

Shaun Setareh, Esq., 9454 Wilshire Blvd., PH, Beverly Hills, CA 90212, Tel: (310)888-7771

DATE: **OCT 20 2010**        Clerk, by   **CAROLYN S. PRENDERGAST**   , Deputy
(Fecha)                      (Secretario)                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

   *PACIFIC BELL TELEPHONE COMPANY, A*
3. ☒ on behalf of (specify): *CALIFORNIA CORPORATION*

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): *10/27/10*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## ADDITIONAL COUNSEL FOR PLAINTIFF

David Spivak (SBN 179684)
    david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone: (310) 499-4730
Facsimile: (310) 499-4739

Louis Benowitz (SBN 262300)
    louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

2



1  Shaun Setareh (SBN 204514)
        setarehlaw@sbcglobal.net
2  Hayley Schwartzkopf (SBN 265131)
3        hayley.setarehlaw@sbcglobal.net
   LAW OFFICES OF SHAUN SETAREH
4  9454 Wilshire Boulevard, Penthouse Floor
5  Beverly Hills, California 90212
   Telephone: (310) 888-7771
6  Facsimile: (310) 888-0109
   (Additional Counsel on Following Page)
7

8  Attorneys for Plaintiff,
   STEPHEN BURCHAM

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     FOR THE COUNTY OF FRESNO

12                      (*UNLIMITED JURISDICTION*)

13

14  STEPHEN BURCHAM, on behalf of himself,   ) Case No. 1 0 CE CG 0 3 7 0 4
    all others similarly situated, and the general )                              DRF
15  public,                                   ) **CLASS ACTION**
                                              )
16         Plaintiffs,                        ) **COMPLAINT FOR:**
                                              ) 1.  Failure to Provide Rest and Meal Periods
17     vs.                                    )     (Lab. Code §§ 204, 223, 226.7, 512, and
                                              )     1198);
18                                            ) 2.  Failure to Pay Hourly and Overtime
    AT&T SERVICES, INC., a Delaware           )     Wages (Lab. Code §§ 204, 223, 510,
19  corporation; SBC INTERNET SERVICES,       )     1194, 1197, 1197.1, and 1198);
    INC., a California corporation; PACIFIC    ) 3.  Forfeiture of Vested Vacation Pay (Lab.
20  BELL TELEPHONE COMPANY, a                 )     Code §§ 223 and 227.3);
    California corporation; and DOES 1-50,     ) 4.  Failure to Provide Accurate Written Wage
21  inclusive,                                )     Statements (Lab. Code § 226(a));
                                              ) 5.  Failure to Timely Pay All Final Wages
22                                            )     (Lab. Code §§ 201-203);
           Defendants.                        ) 6.  Unfair Competition (Bus. & Prof. Code
23                                            )     §§ 17200, *et seq.*); and
                                              ) 7.  Civil Penalties (Lab. Code §§ 2698, *et*
24                                            )     *seq.*).
25                                            )
                                              )
26                                            ) **JURY TRIAL DEMANDED**
27                                            )
28                                                              BY FAX

                                    1
─────────────────────────────────────────────────────────
*Burcham v. AT&T Services, Inc., et al.*              Class Action Complaint

## ADDITIONAL COUNSEL FOR PLAINTIFF

David Spivak (SBN 179684)
    david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone:  (310) 499-4730
Facsimile:  (310) 499-4739

Louis Benowitz (SBN 262300)
    louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:  (310) 888-7771
Facsimile:  (310) 888-0109

Plaintiff Stephen Burcham (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class and representative action against defendants AT&T Services, Inc., SBC Internet Services, Inc., Pacific Bell Telephone Company, and the other defendants (collectively "Defendants") for alleged violations of the California Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have failed to provide him and similarly situated employees with all required meal and rest periods, failed to compensate them with additional premium wages for all meal and rest periods that were not provided to them, failed to pay them straight time and overtime wages as a result of failing to pay them for all hours worked, failed to pay them for forfeited vested vacation pay, failed to provide them with accurate written wage statements, and/or failed to timely pay them all earned and unpaid wages upon termination or separation from employment. Based on these alleged violations, Plaintiff now brings this class and representative action to recover unpaid wages and related relief on behalf of himself, all others similarly situated, and the general public.

## PARTIES

### A. Plaintiff and Putative Class Members

2. Plaintiff Stephen Burcham worked for Defendants as an hourly employee in Fresno, California from May of 2008 to November of 2009.

3. Putative class members are individuals who are or were employed by Defendants in California during the applicable limitations periods.

### B. Defendants

4. Defendant AT&T Services, Inc. is a corporation organized under the laws of Delaware.

5. Defendant SBC Internet Services, Inc. is a corporation organized under the laws of California.

6. Defendant Pacific Bell Telephone Company is a corporation organized under the laws of California.

3

1     7.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of
2   participation in the conduct alleged herein of the Defendants sued as Does 1-50, inclusive, but is
3   informed and believes that said Defendants are legally responsible for the conduct alleged
4   herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this
5   complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

6     8.     Plaintiff is informed and believes that each Defendant acted in all respects
7   pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business
8   plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally
9   attributable to each of the other Defendants.  Defendants in all respects acted as the employer
10  and/or joint employer of Plaintiff and class members.

11     9.     Plaintiff is informed and believes and thereon alleges that each and every one of
12  the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants,
13  each acting as agents and/or employees, and/or under the direction and control of each of the
14  other Defendants, and that said acts and failures to act were within the course and scope of said
15  agency, employment and/or direction and control.

16     10.    At all relevant times, in perpetrating the acts and omissions alleged herein,
17  Defendants, and each of them, acted pursuant to and in furtherance of a policy and practice of
18  not paying Plaintiff and other members of the below-described classes in accordance with
19  applicable California labor laws as alleged herein.

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

4

## CLASS ALLEGATIONS

11.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Code of Civil Procedure Section 382. This action may be maintained as a class action because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below.

12.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this case as a class action.

13.     **Class Period:** The phrase "class period" refers to the time period beginning four years before the filing of this action and ending when final judgment is entered in this action.

14.     The class and subclass members are defined as follows:

**Hourly Employee Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the class period.

**Vacation Pay Class:** All persons employed by Defendants in California who earned vested paid vacation days, including, but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the class period.

**Former Employee Class:** All California employees of Defendants, including, but not limited to, **Hourly Employee Class** and/or **Vacation Pay Class** members, who separated from Defendants' employment during the class period.

**UCL Class:** All members of one or more of the following classes or subclasses: **Hourly Employee Class, Vacation Pay Class, and/or Former Employee Class.**

15.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues. Plaintiff also reserves the right to pursue the cause of action for civil penalties under the Labor Code Private Attorneys General Act of 2004 in a representative capacity without regard to Code of Civil Procedure § 382 requirements.

//

//

16.  **Numerosity:** Class members are so numerous that individually joining each of them in this action would be impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number of class members exceeds the number required to establish numerosity under California law.

17.  **Commonality and Predominance:** There are common questions of law and fact shared by all class members that predominate over any questions unique to individual class members. These questions include, but are not limited to:

A.  Have Defendants, as a matter of policy and practice, exercised control over and/or suffer and permit **Hourly Employee Class** members to perform off-the-clock work during purported meal periods?

B.  Have Defendants failed to ensure adequate safeguards to permit **Hourly Employee Class** members to take all legally required rest periods?

C.  Have Defendants, as a matter of policy and practice, failed to ensure that **Hourly Employee Class** members are provided with duty free meal and rest periods?

D.  Have Defendants failed to pay additional wages to **Hourly Employee Class** members when they have not been provided with required meal or rest periods?

E.  Are Defendants liable to **Hourly Employee Class** members for earned and unpaid regular and overtime wages as a result of not paying them for all hours worked?

F.  Whether Defendants have failed to provide for proportionate accruals for vested vacation time for **Vacation Pay Class** members as required by California law?

G.  Have Defendants subjected the "vacation time" and "floating holidays" they offer to **Vacation Pay Class** members to forfeiture?

//

//

6

H.   Have Defendants failed to provide **Hourly Employee Class** members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, hours worked and amounts of gross and net wages?

I.   Have Defendants applied policies or practices to **Former Employee Class** members that result in late and/or incomplete final wage payments?

J.   Are Defendants liable to **Former Employee Class** members for continuations of their wages under Labor Code Section 203?

K.   Are **Hourly Employee Class, Vacation Pay Class,** and **Former Employee Class** members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

18.   **Typicality:** Plaintiff's claims are typical of the claims of other class members. Plaintiff has suffered the same or similar injury as other class members based on a course of conduct which Plaintiff is informed and believes results from policies and/or practices to which both he and other class members are subject.

19.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.

20.   **Adequacy of Class Counsel:** Plaintiff's counsel is adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

21.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to both the parties and this Court. A class action will allow a substantial number of similarly situated employees to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In

7

addition, the monetary amounts due to many individual class members are likely to be relatively small, which would make it difficult, if not impossible, for individual class members to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them and affording them an opportunity to vindicate their rights to timely wage payments at legal rates under the Labor Code. Finally, a class action will also eliminate the potential for inconsistent or contradictory judgments that is inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE REST AND MEAL PERIODS

**(Lab. Code §§ 204, 223, 226.7, 512, and 1198)**

**(Plaintiff and the Hourly Employee Class)**

22.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

23.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the both Labor Code and Industrial Welfare Commission Order No. 4-2001 (hereafter "the Wage Order").

24.     Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

25.     Labor Code Section 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with a required rest period.

26.     Labor Code Section 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each

work period of more than ten hours.

27. Labor Code Section 226.7 and Section 11 of the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with a required meal period.

28. Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

29. Pursuant to written company policies, Defendants unduly restricted where and how employees were permitted and authorized to take meal and rest periods. Examples of such restrictions include:

       A. "A work break in a commercial place of business (i.e. restaurant, coffee shop, 7/11 store) may be permitted if it is within reasonable walking distance of the work location or en-route to the next location."

       B. "Employees may not go to their place of residence during their work day without prior management approval. This includes breaks and lunch."

       C. "Employees may not drive out of route to make special trips for lunch or breaks, or any other reasons, without management approval. Any approval must be noted on the timesheet with the name of the Manager who approved the trip."

       D. "Technicians shall not sleep in a company vehicle at any time. This includes break and lunch periods."

30. At all relevant times mentioned herein, Defendants have exercised control over Plaintiff and the manner in which he was authorized to take his meal and rest periods. Plaintiff was not subject to an on-duty meal period agreement with Defendants.

9

31.     Plaintiff is informed and believes and thereon alleges that Defendants have exercised control over members of the **Hourly Employee Class** and the manner in which they were authorized to take their meal and rest periods.  Plaintiff is informed and believes and thereon alleges that members of the **Hourly Employee Class** were not subject to an on-duty meal period agreement with Defendants.

32.     At all relevant times, Defendants periodically directed or required Plaintiff to return to work after meal periods of less than thirty minutes. Defendants failed to compensate Plaintiff with premium wages on those workdays in which Plaintiff was directed or permitted to return to work without being provided with an uninterrupted, thirty minute meal period.

33.     Plaintiff is informed and believes that, at all relevant times, Defendants have periodically directed or required **Hourly Employee Class** members to return to work after meal periods of less than thirty minutes without paying them premium wages on those workdays.

34.     At all relevant times, Defendants prevented Plaintiff from taking rest periods as a result of route schedules that did not provide for adequate time between jobs for Plaintiff to take rest breaks. Defendants failed to compensate Plaintiff with premium wages on those workdays in which Plaintiff was prevented from taking his legally required rest breaks.

35.     Plaintiff is informed and believes and thereon alleges that Defendants prevented members of the **Hourly Employee Class** from taking rest periods as a result of route schedules that did not provide for adequate time between jobs for them to take rest breaks and did not pay them premium wages for rest breaks that were not provided.

36.     Plaintiff is informed and believes that, at all relevant times, Defendants have maintained policies or practices that make no provision for the payment of premium wages to **Hourly Employee Class** members when meal and rest periods are not provided.

37.     Pursuant to Labor Code Sections 204, 218.6, and 226.7, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

//

//

38.     Pursuant to Labor Code Section 1194, Code of Civil Procedure Section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 204, 223, 510, 1194, and 1198)

### (Plaintiff and the Hourly Employee Class)

39.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

40.     At all relevant times, **Plaintiff and Hourly Employee Class** members have been non-exempt employees of Defendants entitled to the full protections of both the Labor Code and the Wage Order.

41.     Section 2 of the applicable Wage Orders defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

42.     Section 4 of the applicable Wage Orders require an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

43.     Labor Code Section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

44.     Labor Code Section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

45.     Labor Code Section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

//

46.     Labor Code Section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

47.     Labor Code Section 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

48.     Labor Code Section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

49.     Labor Code Section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

50.     Labor Code Section 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

51.     Labor Code Section 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

52.     With respect to hourly wages, California law requires employers to pay hourly, non-exempt employees for all hours worked including, but not limited to, "off-the-clock" hours that the employer knows or reasonably should know that its employees have been working.

53.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods.

//

//

12

54.     Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also pay hourly wages to Hourly Employee Class members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

55.     Pursuant to Labor Code Sections 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

56.     Pursuant to Labor Code Section 1194, Code of Civil Procedure Section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### FORFEITURE OF VESTED VACATION PAY

### (Lab. Code §§ 223 and 227.3)

### (By Plaintiff and the Vacation Pay Class)

57.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

58.     Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d. 774 (1982) and Labor Code § 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

59.     At all relevant times, Defendants have maintained policies that do not provide for proportionate accruals of "vacation time" and "floating holidays" as required under *Suastez.*

60.     At all relevant times, Defendants have subjected the vested "vacation time" and "floating holidays" of both Plaintiff and **Vacation Pay Class** members to unpaid forfeiture as a result of maintain policies that do not provide for proportionate accruals of "vacation time" and "floating holidays" as services are rendered.

//

13

61.     Pursuant to Labor Code §§ 218.6 and 227.3, Code of Civil Procedure § 1021.5, the common fund doctrine, and the substantial benefit doctrine, Plaintiff, on behalf of himself and the **Vacation Pay Class** members, seeks to recover unpaid vacation wages, interest thereon, costs of suit, and reasonable attorneys' fees in amounts subject to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and the Hourly Employee Class)

62.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

63.     Labor Code Section 226(a) requires employers to furnish employees with accurate itemized wage statements, either semimonthly or at the time of each payment of wages, showing, among other things, the total hours worked by the employee, all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each rate by the employees, the deductions made from the employee's wages, and the gross and net wages earned by the employee.

64.     At all relevant times, Defendants failed to provide Plaintiff with written wage statements with accurate entries for hours worked, corresponding wage rates, and gross and net wages, as a result of not paying him for all hours worked, not paying him for vested vacation pay, and not paying him premium wages when meal or rest periods have not been provided.

65.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Hourly Employee Class** members with written wage statements with accurate entries for hours worked, corresponding wage rates, and gross and net wages, as a result of not paying them for all hours worked, not paying them for vested vacation pay, and not paying them premium wages when meal or rest periods have not been provided.

66.     Plaintiff is informed and believes that Defendants' failures to provide him and **Hourly Employee Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have

14

intentionally provided them with written wage statements that Defendants have known to contain inaccurate entries for their hours worked, applicable rates of pay, and gross and net wages as a result of not paying them for all hours worked, not paying them for vested vacation pay, and/or not paying them premium wages when meal or rest periods have not been provided.

67.     Plaintiff and **Hourly Employee Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

68.     Pursuant to Labor Code Section 226(e), Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

#### (Lab. Code §§ 201-203)

#### (Plaintiff and Former Employee Class)

69.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

70.     At all relevant times, Plaintiff and **Former Employee Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

//

15

71.    At all relevant times, pursuant to Labor Code Section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

72.    At all relevant times, pursuant to Labor Code Section 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

73.    At all relevant times, pursuant to Labor Code Section 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

74.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code Section 201 by failing to timely pay him all of his final wages, including, but not necessarily limited to, all of his earned and unpaid straight time, overtime, and premium wages.

75.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Former Employee Class** members all of their final wages in accordance with Labor Code Section 201 or 202.

76.    Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Former Employee Class** members their final wages without regard to the requirements of Labor Code Sections 201 and 202 by failing to timely pay them all final wages, including, but not limited to, earned and unpaid straight time, overtime, and/or premium wages.

77.    Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Former Employee Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code Sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

78.    Pursuant to Labor Code Sections 203 and 218.6, Plaintiff, on behalf of himself and **Former Employee Class** members, seeks continuations of wages from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

//

79.     Pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Former Employee Class** members, seeks awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (Plaintiff and the UCL Class)

80.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

81.     Business and Professions Code Sections 17203-17204 authorize a person who has suffered an injury in fact and lost money or property as a result of unfair competition who meets the requirements of Code of Civil Procedure Section 382 to maintain a class action for restitution on his or her own behalf and on behalf of others from whom the same defendant may have acquired money or property through unfair competition.

82.     Through their alleged violations of the Labor Code and the Wage Order, Defendants have engaged in unfair and unlawful conduct that amounts to and constitutes unfair competition under Business and Professions Code Sections 17200, *et seq.*, and have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations under the Labor Code and the Wage Order.

83.     Plaintiff has suffered injuries in fact and lost money or property as a result of Defendants' unfair competition in that they have retained his earned straight time, overtime, premium, vacation pay, and continuation wages.

84.     Plaintiff is informed and believes that Defendants may have acquired money or property through unfair competition from **UCL Class** members in that Defendants may have wrongfully retained class members' earned straight time, overtime, premium, and vacation pay wages.

85.     Plaintiff is informed and believes that Defendants may have acquired money or property from **UCL Class** members through unfair competition in that they may have

17

wrongfully retained class members' earned continuations of wages.

86.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seeks restitution of all money or property that Defendants either acquired or may have acquired from them through unfair competition.

87.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **UCL Class** members, seeks to recover costs of suit and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION
### CIVIL PENALTIES
**(Lab. Code §§ 2698, *et seq.*)**

88.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

89.     During the applicable limitations period, Defendants have violated Labor Code Sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1197.1, and 1198.

90.     Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees and the general public, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code Section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure Section 382.

91.     Plaintiff, as an employee against whom Defendants committed one or more alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code Section 2699(c).

92.     Pursuant to Labor Code Sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code Sections, 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1197.1, and 1198:

A.     For violations of Labor Code Sections 201, 202, 203, 226.7, 227.3, 1194, 1197, and 1198, $100.00 for each employee per pay period for each initial violation and $200.00 for each employee per pay period for each

18.

subsequent violation (penalties set by Labor Code Section 2699(f)(2));

B.  For violations of Labor Code Section 204, $100.00 for each employee for each initial violation, and $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation (penalties set by Labor Code Section 210);

C.  For violations of Labor Code Section 223, $100.00 for each employee for each initial violation that was neither willful nor intentional, $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200.00 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation (penalties set by Labor Code Section 225.5);

D.  For violations of Labor Code Section 226(a), if this action is deemed to be an initial citation, $250.00 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1000.00 for each employee for each violation (penalties set by Labor Code Section 226.3);

E.  For violations of Labor Code Sections 510 and 512, $50.00 for each employee for each initial pay period for which the employee was underpaid, and $100.00 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code Section 558); and

F.  For violations of Labor Code Section 1197.1, $100.00 for each employee for each initial and intentional violation, and $250.00 for each subsequent violation, regardless of whether the initial violation was intentionally committed (penalty amounts established by Labor Code Section 1197.1).

//
//

19

93.     Plaintiff is in the process of complying with the procedures for bringing suit specified in Labor Code Section 2699.3. By letter dated October 19, 2010, Plaintiff gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff anticipates that the LWDA will inform him that it does not intend to investigate the alleged violations by the time that final judgment is entered in this action.

94.     Pursuant to Labor Code Section 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiff be appointed class representative;

C.     An order that counsel for Plaintiff be appointed class counsel;

D.     Damages;

E.     Restitution;

F.     Declaratory relief;

G.     Injunctive relief;

H.     Civil penalties;

I.     Statutory penalties;

J.     Pre-judgment interest;

K.     Costs of suit;

L.     Reasonable attorneys' fees; and

M.     Such other relief as the Court deems just and proper.

//

//

//

20

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

October 19, 2010                          LAW OFFICES OF SHAUN SETAREH
                                          THE SPIVAK LAW FIRM
                                          LAW OFFICES OF LOUIS BENOWITZ

                                          BY
                                          SHAUN SETAREH, Attorneys for Plaintiff,
                                          STEPHEN BURCHAM



COPY

CM-010

FOR COURT USE ONLY

FILED

OCT 2 0 2010

FRESNO COUNTY SUPERIOR COURT
By
                    CSP - DEPUTY

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: |
|---|
| Shaun Setareh (SBN 204514) |
| Law Office of Shaun Setareh |
| 9454 Wilshire Blvd., Penthouse |
| Beverly Hills, CA 90212 |
| TELEPHONE NO.: (310)888-7771    FAX NO.: (310)888-0109 |
| ATTORNEY FOR *(Name)*: Stephen Burcham |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 2317 Tuolumne Street
MAILING ADDRESS: 2317 Tuolumne Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: "M" Street Civil Courthouse

CASE NAME:
Burcham v. AT&T Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | 1 0 CE CG 0 3 7 0 4 |
| | | | JUDGE: DRF |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation *(Cal. Rules of Court, rules 3.400–3.403)***
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Seven (7)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 19, 2010

Shaun Setareh
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>CIVIL DEPARTMENT, CENTRAL DIVISION<br>2317 Tuolumne Street<br>Fresno, California 93721<br>(559) 497-4100 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br><br>**Stephen Burcham vs AT&T, Inc.** | Filed<br>  Fresno County<br><br>OCTOBER   20, 2010<br>By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>  **10CECG03704DRF**<br>  **DRF** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Donald Franson** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **FEBRUARY 14, 2011 at 01:30 PM** in **Dept 404, 1130 O Street** located at **Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.


Date:  **October 20, 2010**                    Clerk, by _____ , Deputy
                                                              C. Prendergast

# Alternative Dispute Resolution
# Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section. Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

## Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

## Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute.** This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding arbitration:** Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-binding arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR normally are put into writing and can become binding contracts that can be enforced by the court if the parties. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

### Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, the Court and many private programs have established qualification requirements and standards of conduct for their neutral panels.

*A list of trained neutrals is available to assist parties on a fee-for-service basis. These individuals have met the requirements to participate on the Court's panel and provide private dispute resolution services. **Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.**

Cases involving self-represented litigants or those unable to afford a private mediator, the court has three organizations that provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding. These organizations include:

- **Better Business Bureau Mediation Center**- This organization provides mediation for small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.valleymediation.net .

  4201 W. Shaw Ave., Ste. 107
  Fresno, CA 93722
  559.256.6300 (phone)
  800.675.8118, ext. 300 (toll free)
  www.bbbcencal.org

- **Fresno Pacific Mediation Services**- This organization is affiliated with Fresno Pacific University, Mediation Associates and Victim Offender Reconciliation Program (VORP). They offer mediation for cases involving contract, property, corporate partnerships, family, employment, organization, and victim/offender disputes. For more information go to www.peace.fresno.edu/mediate/.

  1717 S. Chestnut Avenue
  Fresno, CA. 93702
  (559) 453-3423
  mediation.services@fresno.edu

- **San Joaquin College of Law Mediation Center**- This organization provides free mediation to self-represented parties regarding family law **property** disputes. They also assist with the preparation of marital settlement agreements for divorcing parties. For more information go to **www.sjcl.edu** and click on mediation.

  905 5th Street
  Clovis, CA. 93612
  (559) 323-2100

**For more information, go to** www.fresnosuperiorcourt.org/alternative_dispute_resolution **or contact :**

Mari Henson, Administrator
 2317 Tuolumne St., Fresno CA. 93721
TEL (559) 497-4194, FAX (559) 497-4293
mhenson@fresno.courts.ca.gov

John Montejano, Asst. Administrator
2317 Tuolumne St., Fresno CA. 93721
TEL (559) 497-4195, FAX (559) 497-4293
jmontejano@fresno.courts.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:              FAX NO: <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
2317 Tuolumne Street
Fresno, California 93721-1220
(559) 497-4195

| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
|---|---|
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number: ( ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The Alternative Dispute Resolution (ADR) must be completed within 180 days after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior to the Mandatory Settlement Conference**. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| | | |
|---|---|---|
| _____ <br> Date | _____ <br> Type or Print Name | _____ <br> Signature of Party or Attorney for Party |
| _____ <br> Date | _____ <br> Type or Print Name | _____ <br> Signature of Party or Attorney for Party |
| _____ <br> Date | _____ <br> Type or Print Name | _____ <br> Signature of Party or Attorney for Party |
| _____ <br> Date | _____ <br> Type or Print Name | _____ <br> Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01 R01-09       STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:            FAX NO: <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
2317 Tuolumne Street
Fresno, California 93721-1220
(559) 497-4195

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No    Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No    Reason for delay: _____
         Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03 R01-09        **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)**        Page 1 of 2

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

# PROOF OF SERVICE

State of California,
County of Los Angeles

     1.     I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Blvd., PH 1, Beverly Hills, California 90212.

     2.     I am familiar with the practice of the Law Office of Shaun Setareh, for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

On Monday, October 25, 2010, I served the foregoing document described as **SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES, ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKET** on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

## SEE ATTACHED SERVICE LIST

\_\_\_\_ (BY MAIL) I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Office of Shaun Setareh, 9454 Wilshire Boulevard, PH 1, Beverly Hills, California 90212.

<u>XXX</u> (BY PERSONAL SERVICE) My agent delivered such envelope by hand to the home/offices of the addressee.

EXECUTED on Monday, October 25, 2010, at Beverly Hills, California.

<u>XXXX</u> (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ASHLEY GREEN

1

# SERVICE LIST

AT&T Services, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017

Pacific Bell Telephone Company
c/o CT Corporation System
818 West Seventh Street
Angeles, California 90017

SBC Internet Services, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017